UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JACQUELINE BARRETT,

                 Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

                 Defendant.
-----------------------------------------------------------X

MEMORANDUM & ORDER

06 CV 6345 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Jacqueline Barrett ("Plaintiff" or "Barrett"), Sheriff of the Fulton County Sheriff's Department ("Sheriff's Department" or "Department") in Georgia in 2003, invested a total of over $7 million of the Department's funds with Byron Rainner ("Rainner"), an agent of Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"). Plaintiff claims that due to fraudulent statements made by Rainner, the Department lost more than $2 million, Plaintiff was the subject of negative press, and Plaintiff consequently lost her job and her ability to run for public office. Plaintiff brings suit against MetLife for negligence in retaining and supervising Rainner. Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(c), alleging that Plaintiff's Complaint is time-barred. For the reasons discussed below, Defendant's motion is GRANTED.

I.     **Factual Background**

Barrett was the Sheriff of Fulton County, Georgia in 2003. (Amended Complaint ("Am. Compl.") ¶¶ 2, 9.) She alleges that on March 25, 2003, she sought to transfer approximately $5 million of the Sheriff Department's surplus funds to Rainner, a registered representative

employed by MetLife, to invest on behalf of the Department. (Id. ¶¶ 10, 14, 22.) Barrett further alleges that on the following day, March 26, Rainner convinced her to invest the money with Provident Capital ("Provident"), with which Rainner had arranged to split the profits from the Department's investments. (Id. ¶¶ 19-26.) According to Barrett, contrary to Rainner's representation, the investment was not secured by MetLife. (Id. ¶¶ 18, 28-29.) Plaintiff claims that Rainner made false statements to Plaintiff about the investment from February 2003 through January 2004. (Id. ¶ 15.)

Barrett claims she invested a total of $7.2 million on behalf of the Sheriff's Department "with Defendant," leading to losses of approximately $2 million. (Id. ¶¶ 31-32.) On March 31, 2004, the investment's failure was first reported in the media, and the press coverage of the event continued until June 29, 2004. (Id. ¶¶ 79-80.) On July 1, 2004, the Governor of Georgia commenced an investigation into Plaintiff's role in the investment. (Id. ¶ 66.) Barrett was suspended from her position on July 13, 2004, and she ultimately resigned in December 2004. (Id. ¶¶ 67-72.) In March 2005, Plaintiff decided not to run for re-election. (Id. ¶ 76.) According to Plaintiff, "Defendant's negligence continued through September 2005, because Defendant knowingly continued to withhold funds." (Id. ¶ 85.) Barrett alleges that in 2006, the SEC issued a report finding MetLife negligent based on Rainner's activities. (Id. ¶ 33.)

Barrett now brings suit against Defendant MetLife, claiming: 1) Negligent Retention (id. ¶¶ 113-132); and 2) Negligent Supervision (id. ¶¶ 133-147). She seeks damages based on: 1) lost wages from her period of "retirement"; 2) lost wages from the period of time during the negative press surrounding the incident which, Plaintiff claims, rendered her unable to run for another office; 3) "[l]oss of economic capacity as a result of the damage proximately caused by

the negligence of Defendant"; 4) harm to her reputation; 5) legal fees incurred while under investigation for the investments at issue; 6) emotional and physical pain and suffering; and, 7) legal fees and litigation expenses. (Id. ¶ 149(a)-(h).)

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) claiming, *inter alia*, that Plaintiff's claims are time-barred. (Memorandum of Law in Support of Defendant Metropolitan Life Insurance Company's Motion for Judgment on the Pleadings at 9-17.)

## II.  Standard of Review

Under Rule 12(c), a court must determine whether "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 12(c); Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006). In order to survive such a motion, a plaintiff must allege enough facts in the complaint "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Furthermore, the court must confine its "consideration . . . to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation and citation omitted). In evaluating Defendant's motion, the court must accept all factual allegations in Plaintiff's pleadings and must draw inferences from those allegations in the light most favorable to Plaintiff. United States v. The Baylor Univ. Med. Ctr., 469 F.3d 263, 267 (2d Cir. 2006).

## III.  Discussion

Defendant has moved to dismiss on the ground that Plaintiff's claims are time-barred. Because jurisdiction rests upon diversity of citizenship, this court must apply New York's choice-of-law rules. See Guaranty Trust Co. v. York, 326 U.S. 99, 108-09 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Bennett v. Hannelore Enterprises, Ltd., 296 F. Supp. 2d 406, 410-12 (E.D.N.Y. 2003) (holding that New York's choice-of-law rule and CPLR 202 apply in diversity cases).

New York Civil Practice Law and Rules ("CPLR") 202, also known as "the borrowing statute," states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued . . . .

Therefore, in this case, if the court determines that the action accrued in Georgia, Plaintiff's Complaint is subject to the shorter of the New York and Georgia limitations periods.

Plaintiff does not dispute that she is a resident of Georgia (Am. Compl. at ¶ 9.) and that all of the damages to Plaintiff occurred in Georgia, namely: 1) the investigation into Plaintiff's involvement in the investment; 2) Plaintiff's loss of employment and income; and, 3) the damage to her reputation in the community (Plaintiff Jacqueline Barrett's Reply in Opposition to Defendant Metropolitan Life Insurance Company's Motion for Judgment on the Pleadings and Memorandum of Law in Support ("Pl. Mem.") at 10-11.) Instead, Plaintiff argues that her claims accrued in New York and that the borrowing statute is therefore not applicable. Specifically, Plaintiff premises her claim on the fact that "the negligent acts of retention and supervision, upon which this lawsuit is based, were performed by the management of Defendant MetLife" in New

York. (Id.) In other words, Plaintiff argues that accrual of a cause of action occurs in the jurisdiction wherein the conduct giving rise to the injury occurred. Plaintiff is mistaken.

Under CPLR 202, a cause of action accrues where the injury is suffered as opposed to where the allegedly tortious act occurred. Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 529 (1999) ("we have consistently employed the traditional definition of accrual–a cause of action accrues at the time and in the place of the injury–in tort cases involving the interpretation of CPLR 202"); Martin v. Dierck, 43 N.Y.2d 583 (1978) (holding that product liability claim accrued in Virginia for purposes of CPLR 202 where plaintiff was injured in Virginia but product was manufactured in New York); Williams v. Ifra Commerc Anstalt, 131 F. Supp.2d 451, 455 (S.D.N.Y. 2001) ("For purposes of New York borrowing statute, a cause of action accrues where the injury is sustained rather than where the defendant committed the wrongful acts"). In this case, Plaintiff clearly alleges that the injury occurred in Georgia, where Plaintiff resided and was employed. (Pl. Mem. at 10.) Because the instant claims are brought by a non-resident and accrued in Georgia, the borrowing statute applies in this case, and Plaintiff is subject to Georgia's statute of limitations.

According to Georgia law, an action involving "injury to the reputation," as opposed to an "injury to a property right," is subject to a one-year statute of limitations. O.C.G.A § 9-3-33. Here, Plaintiff does not now claim that the injuries are to anything other than her reputation. (See Pl. Mem. at 9-12.) Therefore, Plaintiff's claims are subject to the one-year statute of limitations.

Plaintiff nevertheless argues that her claims "should be subject to a negligence and personal injury statute of limitations" because "reputation damages fall under the cause of action

5

they are derived from," and Plaintiff's claims are not for "libel," "slander," or "defamation." (Pl. Mem. at 11.) According to the plain reading of the relevant Georgia statute, however, it is the nature of the injury, and not the nature of the tort, which is dispositive. See O.C.G.A § 9-3-33; cf. Dale v. City Plumbing & Heating Supply Co., Inc., 146 S.E.2d 349, 350-51 (Ga. App. 1965) (stating that in order to determine which limitations period is applicable, the court must decide "whether the action involves an injury to a property right or only an injury to the reputation.") Because Plaintiff does not allege an injury to a property right, nor is one apparent from her Complaint, her claims are subject to the one-year statute of limitations for injuries to reputation.

Regarding when the claims began to accrue, according to Georgia law, "the right of action for injury to reputation accrues when the act by which reputation is injured occurs." Jones v. Hudgins, 295 S.E.2d 119, 122-23 (Ga. App. 1982), citing Irvin v. Bentley, 90 S.E.2d 359 (Ga. App. 1916). Plaintiff filed her Complaint on November 1, 2006. Any event occurring before November 1, 2005 is therefore time-barred. The relevant events listed in Plaintiff's Complaint are as follows: 1) in 2003, Plaintiff invested the Sheriff's Department's money with Rainner; 2) Rainner made false statements to Plaintiff from February 2003 through January 2004; 3) in 2004, the investment's losses were reported by the media; 4) in July of 2004, the Governor appointed a tribunal to evaluate Plaintiff's investment decision, and shortly thereafter, Plaintiff was suspended from her position; 5) in December 2004, Plaintiff resigned her position; 6) in March 2005, Plaintiff opted to not run for office; 7) Defendant continued to withhold funds until September 2005; and, 8) in 2006, the SEC determined that Defendant was negligent. The only event alleged by Plaintiff falling within the statute of limitations is the SEC's determination of Defendant's negligence. There is nothing to suggest that the SEC's report was anything more

than a review and evaluation of the events relating to Plaintiff's investment with Rainner. Thus, there is no basis upon which to conclude that that event had any bearing on the injury to Plaintiff's reputation. Plaintiff's claims are therefore time-barred.

Plaintiff argues that her claims are not time-barred because they are subject to the "continuing tort theory," and alleges that "there was ongoing negligence by Defendant at least through September 2005." (Pl. Mem. at 12-13.) In other words, Plaintiff argues that the applicable statute of limitations – which the court has determined to be the one-year limitations period for damages to Plaintiff's reputation – should not begin to accrue until September 2005. Even assuming, *arguendo*, that her claims are the result of a continuing tort, Plaintiff's claim must fail. According to Plaintiff's Complaint, Defendant's tortious activities continued through September 2005, when MetLife ultimately returned the Sheriff's Department's invested funds. (Am. Compl. ¶ 85.) Thus, even giving Plaintiff the benefit of the doubt that her claims did not accrue until September 2005, her Complaint, filed one year and two months later, was not timely.

## IV. Conclusion

Because Plaintiff's claims are time-barred, Plaintiff's Complaint is hereby dismissed. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 8, 2008
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge